CHARLES SHIVERICK & COMPANY v. R. J. GUNNING COMPANY.

FILED OCTOBER 5, 1899. No. 8,701.

Instructions: DAMAGES: EVIDENCE. Instructions should not submit to the jury elements of damages not embraced within the evidence adduced on the trial.

REHEARING of case reported in 58 Nebr., 29.

*Hall & McCulloch,* for plaintiffs in error.

*N. H. Tunnicliff* and *Elmer E. Thomas, contra.*

NORVAL, J.

This cause is on rehearing. The former opinion is re-
ported in 58 Nebr., 29, which contains a sufficient state-
ment of the facts as well as the questions involved. Rela-
tive to the measure of damages the trial court charged
the jury: "The plaintiff is entitled to recover as its meas-
ure of damages in this action such amount as will com-
pensate it for the loss it sustained in consequence of
defendants' wrongful act in erasing and marking out the ·
sign in question, the costs of replacing said sign, includ-
ing railroad fare of workmen from Chicago or elsewhere,
if sent specially for that purpose, together with hotel
bills to plaintiff. The actual cost of repairing, replacing
and maintaining said sign under its contract to the Dur-
ham tobacco people is plaintiff's full measure of dam-
ages, and this you will ascertain and allow in such sums
as from a preponderance of the evidence you find to be
such cost; but you cannot allow exemplary damages—
that is, you must not assess damages for the purpose of
punishing the defendant." This instruction, although
vigorously assailed upon the former hearing by counsel
for defendant below, was approved by this court, and the
giving thereof sustained. After an investigation of the
subject anew we are convinced that we committed a
grave error in so holding. While hotel bills and railroad
fare may be proper elements of damages under certain
contingencies or state of facts, they were improperly al-
lowed or directed to be taken into consideration, because
it was not shown upon the trial that it was necessary to
send workmen from Chicago to replace the sign in dis-
pute. While it was developed that no one living in
Omaha was capable of restoring the sign, it was not es-

tablished by any evidence that it was essential that painters should be sent from Chicago to do the work. It may be that sufficiently competent persons could have been obtained in Council Bluffs, Burlington or Des Moines to repair this sign. It was therefore error to direct the jury to allow plaintiff railroad transportation from Chicago or elsewhere. And this error was not waived by the defendant tendering an instruction upon the measure of damages, since the request tendered expressly stated evidence of railroad fare was not to be considered in the estimation of damages, unless, in replacing the sign, it was necessary to bring workmen from another city. There is not a particle of proof in the record to justify the giving of the instruction quoted above. For this error the judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.