## RIGHTS IN A PARTY WALL.

Common Pleas Court of Hamilton County.

THE MITCHELL STORE BUILDING COMPANY v. THE STARR PIANO COMPANY ET AL; AND THE AEOLIAN COMPANY v. THE STARR PIANO COMPANY ET AL.

Decided, June 6, 1916.

*Buildings—Signs Painted on a Party Wall—Can Not be Obliterated or Interfered With by the Owner or Lessee of the Adjoining Building of Which the Wall Forms a Part.*

A party to an agreement, under which a party wall was erected by the parties, which wall stands half upon the land of each, may use the side of the wall resting upon his own land for any purpose which does not impair its strength or interfere with its use as a party wall, and, therefore, will not be enjoined from painting a business sign on his side of such wall.

*DeCamp & Sutphin,* for the Mitchell Company.
*Jelke, Clark & Forchheimer,* for the Aeolian Company.
*Guido Gores,* contra.

MAY, J.

In 1872, Robert Mitchell and the estate of George Carlisle owned adjoining premises on Fourth street, Cincinnati, between Race and Vine. On September 4th of that year Mitchell and John Carlisle, on behalf of the estate of George Carlisle, entered into a party-wall agreement, by which it was provided that Robert Mitchell should erect a brick wall on the line between the two properties, twenty inches thick, situated so that the center of the said wall shall be exactly on the line of said lots, and that whenever the Carlisle estate elect to and do actually build upon and use said party wall they shall pay to Robert Mitchell one-half of the actual cost of the wall. In pursuance of the agreement Mitchell erected the party wall, as provided for, and later the Carlisle estate, upon the erection of the St. Nicholas Hotel, paid its one-half of the cost of the wall. The St. Nicholas Hotel property was sold and by mesne conveyances the St. Nicholas Hotel property is now vested in one of the defendants herein, and the Starr Piano Company has a lease, with the privilege of purchase, on the east twenty-six feet of said property, immediately adjoining the Mitchell property. The St. Nicholas building was torn down and the Starr Piano Company is proceeding to erect a building for its own purposes upon the lot. The Mitchell Store Building Company and its lessee, the Aeolian Company, are now seeking to enjoin the Starr Piano Company from maintaining a sign painted upon the surface of the party wall, which stands upon ten inches of ground formerly belonging to the Carlisle estate and now owned either by the Starr Piano Company or its lessor. The sign is a business sign, and states that the Starr Piano Company will occupy the premises upon which the building is being erected.

The evidence disclosed the fact that the new building, when finished, will merely reach to the bottom of the sign.

The Mitchell Company contends that under the agreement Mitchell is the absolute owner of the wall, with an easement merely in the Carlisle estate, or its successor in title, and that the wall can only be used for party wall purposes, and that the painting of a sign upon such wall is not such usage.

The defendant companies contend that they are the owners in severalty of that part of the party wall that stands upon their own ground and that they have the right to use the wall for any purpose so long as it does not interfere with its use as a party wall.

Whatever may be the law outside of Ohio, it is well settled in this state, by the case of *Hiatt* v. *Morris,* 10 Ohio St., 523, that the rights and liabilities of parties to a party-wall agreement must depend upon the provisions of the contracts between them and the principles of law applicable to those provisions.

An examination of the agreement clearly leads to the conclusion that the parties intended to provide for a party wall, and that when the Carlisles paid for their part they were to have the right to use said brick wall as a party wall:

"The said Carlisle, executor, his successors and assigns, shall at any time thereafter when he or they may desire have the right to use said brick wall as a party wall."

Therefore, this wall being a party wall, the rights and liabilities of the parties must be fixed by the general rule governing party walls erected by agreement between adjoining land owners.

In the United States the general rule is that the owners of a party wall, standing in part upon the land of each, are not tenants in common of the wall, but each owns in severalty so much thereof as stands upon his lot, subject to the easement of the other for support and equal use thereof. 30 Cyc., 772, and cases cited.

In support of plaintiff's contention, the case of *Bedell* v. *Rittenhouse,* 5 Pa. District Rep., 689, was cited.

This case, as well as another Pennsylvania case, that of *Wistar* v. *American Baptist Publication Society,* 2 W. N. C., 333, were

distinguished in a recent Pennsylvania case, that of *Reilly et al v. Widmyer,* 23 Pennsylvania District Rep., 176, also reported in the Philadelphia Legal Intelligencer of February 27, 1914, decided by Landis, Judge, in the equity division of the Common Pleas Court of Lancaster County. This latter case is exactly in point with the case at bar. The learned judge says that the two Pennsylvania cases above referred to may be distinguished from the case he has under consideration because the defendants in those cases were not attempting to use their own wall upon which to paint the sign, but were attempting to use the portion of the wall that belonged to the adjoining neighbor.

In *Reilly* v. *Widmyer,* Widmyer was the owner of the ground upon which one-half of the party wall was located and he had erected a building on that lot which did not reach to the top of the wall, and above the roof of the building he painted a business sign of the Widmyer Company. Reilly sought to enjoin it. In the course of his opinion the court said:

"Each of the adjoining owners of a party wall has a right to use the whole of his own side thereof, if such does not conflict with the equal rights of the other owner."

He also cites *2 Washburn on Real Property,* 386:

"The building of a wall at a joint expense by two parties, which stands one-half upon the land of each, does not make them tenants in common thereof. Each owns his part in severalty, though each has a right to use the wall as an easement."

The learned judge also says in the course of his opinion:

"A party wall is solely for the purpose of support, and outside of this the respective parties may use their land uninterfered with by the adjoining owners. Therefore, the surface of the party wall enclosed within the houses of which it forms a part may be used by the respective parties as they see fit, for that portion is upon their land and that use does not impair the purposes for which the wall was erected. If the wall is part of the building, can not the owner paint or paper it, or ornament it, according to his own pleasure? Ought there be any diminu-

tion of right in the owner of the land to use the face of the wall which rests on his property because he has not erected a building upon it, or because he has not seen fit to build his building to its utmost height?''

The court answered its query affirmatively and denied the injunction against the maintaining of the sign.

In *Shiverick* v. *Gunning Company*, 58 Neb., 29, the court recognized the right of the owner of one-half of a party wall to paint a sign on the surface of such wall. The Gunning Company, who were the plaintiffs below, had leased from the owner of the party wall the right to paint a sign thereon. Shiverick, the owner of the west half of the wall, taking exceptions to the sign, went over upon the property and obliterated the sign. The Gunning Company brought suit and a verdict in favor of the plaintiff was directed. The case was reversed on rehearing, 59 Neb., 73, for a wrong ruling on the measure of damages. But the case is squarely in point as to the right of the owner of one-half of a party wall to use the part of the wall that stands upon his ground for the purpose of painting a sign thereon. The court says in 58 Neb., 29:

''The principal question presented for our consideration is raised by the giving of the first paragraph of the instructions, which was to the effect that the plaintiff had the right, under its lease, to paint and maintain the sign in question upon the east surface of the wall, and that the defendants are liable for the damages sustained by the obliteration of such sign. This instruction substantially directed a verdict for the plaintiff below, which, in our view, was entirely proper. * * * The wall in question was built by two adjoining lot owners, under a written contract so that one-half of the wall, divided longitudinally, rested on the one's lot and the other half on the other's lot. Each party to the agreement paid one-half of the cost of constructing the wall, and each was the owner in severalty of the portion that stood upon his land, subject to the easement or right in the other to have it support the building which he might erect. * * * Applying the principle * * * the defendants below had no right to go upon the lot of the adjoining owner and obliterate the sign.''

The Pennsylvania case and this Nebraska case, neither of which was cited by counsel, are the only cases I have been able to find that are directly in point. But even without these authorities I am of the opinion that the owner of one-half of a party wall has a right to use that wall for any purpose not inconsistent with its use as a party wall. This seems to be the rule in the English courts. See *Mayfair* v. *Johnson* (1894), 1 Chancery, 508, 515, where North, Judge, says: ''Each owner controls his half of the land and may do with it what he likes.'' See also *Much* v. *McDermott*, 8 A. & E., 138, 142; *Matts* v. *Hawkins*, 5 Tauton, 20; *Stedman* v. *Smith*, 1 E. & B., 1.

In the case of the Aeolian Company, it is claimed that because the Aeolian Company are engaged in the same line of business that the Starr Piano Company is engaged in, that the sign is misleading and is apt to interfere with the business of the Aeolian Company.

An examination of the sign convinces the court that there is no element of unfair competition involved in this case.

For these reasons the petition in each case will be dismissed.