EDWARD A. WILCOX

v.

ALMON H. DANFORTH.

WARRANTY—BREACH—DAMAGES.—A party who holds a warranty from another on a piece of property and there is a breach of such warranty, may recover his proximate and necessary damages of the warrantor, and no more. He should be fully indemnified, after having used reasonable care to prevent unnecessary loss, but he cannot be allowed to recover damages which he has unnecessarily brought upon himself by his willful misconduct.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed January 24, 1880.

Messrs. BANGS, SHAW & EDWARDS, and Mr. M. L. NEWELL, for appellant; that the court refused a new trial, and gave judgment against appellant when the verdict was excessive, and when by the law of the land, judgment should have been in his favor, cited Forbes v. Balenseifer, 74 Ill. 183; Ingals v. Plamondon, 75 Ill. 118; Tanner v. Volentine, 75 Ill. 624; Kuhlman v. Hecht, 77 Ill. 570; Morrison v. King, 62 Ill. 30; Russell v. Hubbard, 59 Ill. 335; Woodward v. Seeley, 11 Ill. 157.

Messrs. BARNES & MUIR, and W. C. SIMPSON, for appellee; in support of the verdict, cited Whitman v. Henneberry, 73 Ill. 109; Morgan v. Smith, 11 Ill. 194; Beach v. Miller, 51 Ill. 206.

As to easement: 2 Washburn on Real Property, 283.

The lease was proper evidence to show the right of the dominant estate to an easement in the servient estate: 2 Washburn on Real Property, 411; Purinton v. Nor. Ill. R. R. Co. 46 Ill.

297; Russell v. Hubbard, 59 Ill. 335; Rawle on Covenants, 252.

On a severance, the right to use the stairway still continued: Morrison v. King, 62 Ill. 30; Ingals v. Plamondon, 75 Ill. 118,

As to measure of damages: Leffingwell v. Elliott, 10 Pick. 204; Haynes v. Stevens, 11 N. H.

LACEY, J.  This was an action in covenant brought by appellee against appellant to recover for alleged breach of warranty in a warranty deed given by appellant to appellee, dated Feb. 16, 1869.

The deed contained the usual covenants for the title, seizin and against incumbrances.  The deed in question conveys a portion of corner lot 2, in block No. 14, in the town of Minonk. Woodford county, Illinois, as follows: commencing at the point 18 feet and 1 inch north of the S. E. Cor. of said lot; thence north 19 feet and 3 inches; thence west 160 feet, thence south 19 feet and 3 inches; thence east 160 feet, to the point of beginning.

H. and J. A. Simpson in 1866 purchased the whole of lot. No 2, of one Cholwell.

The Simpsons purchased the lot on joint account for themselves and the appellant, E. A. Wilcox, but took the deed to themselves.  There was a building on the lot at the time, with shed roof on the north side.  On the south part there was a room up stairs.  Wilcox was to have the north side, and Simpsons the south side.  They raised the building, and lengthened it. The stairway was there when it was bought, and in repairing it appellant and the Simpsons let it remain.  The building was double.  The stairway was on Wilcox's part, and run from the sidewalk to the second floor, for the accommodation of rooms in both buildings.  After the improvements were completed the Simpsons conveyed the north part to Wilcox.  They made a hall between the rooms the whole length of the building, half on each.  From this hall the stairway jogged off to the north, and was wholly on Wilcox's part.  The expenses were divided between them.  This stairway being the only access to the upper rooms, except from the rear, Wilcox's lot, in consideration for the stairway, was to be 13 inches wider than Simpson's as claimed by Simpson.  The whole lot two was 40 feet wide.

Wilcox v. Danforth.

This arrangement between the Simpsons and Wilcox was made before the improvements were commenced, and afterwards, Nov. 16, 1866, the deed was made to Wilcox.

On the same day Wilcox executed and delivered to H. Simpson a lease contemporaneously with this deed, as follows: " The right-of-way to a certain stairway, situated 4 feet south of the southeast corner, of the north half of lot 2, block 14, for the term of 99 years, in the town of Minonk," making however, a misdescription as to the exact location of the stairs. No repairs were made on the stairs before appellant deeded to plaintiff. The Simpsons continued to occupy the south half of the lot, from 1866 to 1869, when they deeded the last mentioned half to Sidney Kidder.

In 1873, the whole building was moved back twelve feet Kidder then owning the south and appellee the north half. All the buildings in the block were moved back the same distance, and the space of twelve feet in front has since been used for a sidewalk.

Kidder and the appellee, by agreement, moved the building back at joint expense, and repaired the stairway at joint expense, Kidder only claiming to use it at joint expense. In the night time ,in August, 1878, while Kidder was asleep, the appellee tore out the stairway which has remained out ever since. Thereupon, Kidder brought suit against appellee in an action on the case, and recovered the sum of $500 and costs of suit. On the trial in the court below, it was shown that appellant, before the commencement of the present suit, tendered to appellee $25 in full for all damages on account of the cause of action sued on, the tender being kept good by bringing the money into court. The jury found a verdict in the court below for $441 damages in favor of appellee, against appellant, and judgment was rendered thereon.

It is assigned for error that the court below admitted improper evidence on the part of appellee, and also gave improper instructions. That proper instructions were refused on the part of appellant.

It is especially complained that the court admitted in evidence the judgment in the case of Kidder, against the objec-

tion of appellant, and in the same connection gave appellee's twelfth instruction, as follows :

"If there was an easement, as claimed, then, in law, Wilcox had no right to complain that Danforth took the stairway down, for under the covenants in the deed, Danforth had a right, so far as Wilcox is concerned, to remove such stairway, and if he was damaged in consequence of having exercised his right of ownership over the property, then, in law, he is entitled to recover such damages in the case."

This instruction in substance tells the jury that no difference if the existence of the stairway is of but little damage, or even of no damage, to appellee, he has the legal authority, because he has a warranty deed, to tear it away, even if by so doing his neighbor Kidder, who has a right to have the stairs remain, is damaged to a very much larger extent in his property and building than appellee would be were the stairs allowed to remain, and that if Kidder recover such damages of appellee, the latter can recover it from appellant, and the judgment of Kidder in evidence may be taken as that measure; otherwise the instruction has no meaning. How was appellee damaged in consequence of tearing the stairs away, unless it subjected him to recovery on the part of Kidder? We cannot subscribe to this doctrine. A party who holds a warranty from another on a piece of property, and there is a breach of such warranty, may recover his proximate and necessary damages of the warrantor, and no more. He should be fully indemnified, after having used reasonable care to prevent unnecessary loss. He cannot be allowed to recover damages which he has unnecessarily brought on himself by his willful misconduct.

If Kidder had an easement on the portion of lot 2, for which appellee held a warranty, or covenant of seizin from appellant, the fact that the former held such a warranty, did not authorize him to become a tort feasor and to commit a willful trespass on the rights of Kidder. The latter had a right to the stairway, and the warranty of appellee or his covenant cannot properly be construed into a license or request to him to commit a trespass, so as to make the appellant responsible as principal. The value of the incumbrance is all that can be recovered. If the stairway

had been purchased of Kidder for less than the damage to appellee, appellant would have been entitled to the benefit of the purchase; or if the recovery by Kidder were less than or equal to the value of the appellee's damages, and that were a final settlement, there would be no impropriety in allowing a recovery for the amount, but not otherwise.

On the same principle, instruction No. 9 given for appellee is erroneous, which tells the jury that they have no right to consider whether the stairway was a benefit or damage to the upper portion of the building.

If the upper rooms could have been rented on account of the stairway, to prevent loss, appellee should have let them and whatever he received would have rendered his losses less.

Appellee purchased the building with the stairway on it, and appellant was under no obligation to change the stairs, or remove them, in order to make the building more valuable, and if during the portion of the time the stairs remained, the building was just as valuable as with the stairs out, then there should be no recovery for such time; and for future losses it is only the probable damages to the lot and building, everything considered, that could be recovered.

The evidence in regard to the question of whether such an easement or lease were any damage to the property, and the extent of it, was very conflicting; many witnesses testifying that such a stairway was the best use to which so much of the lot as was occupied by it could be put, and that there could be no damage, and especially considering the fact that the upper rooms would be valuable on account of the stairs. But there was no conflict about the fact that $500 had been recovered by Kidder.

Had it not been for the two instructions, the jury might have found for appellant on the question of damages, or found for a much less amount.

If it be claimed by appellee that the easement attached to the ground, it must attach to that particular portion covered by the stairway as it originally stood before it was moved back, or to the ground described in the lease.

The right in the ground, if any existed, could not be changed

Wilcox v. Danforth.

by appellee and Kidder, to make appellant liable for an easement attaching to a place where it did not at the time the deed was made.

Such portion as was occupied by the original stairway is covered by the sidewalk, by appellee's permission, and such an easement under such circumstances, could only be grounds for the measure of damages. The sixth instruction was improperly given, the matter not being pertinent and the meaning not clear, it had a tendency to mislead the jury. But another very important question in the case is, did the removing of the building back off the original ground where the stairs stood, destroy the first easement, if one existed, and create a new one ?

This removal was without the consent of appellant. The stairs and partition wall occupy entirely different ground than they did when appellant's deed was made. By agreement between Kidder and appellee, the building was moved back and the stairs repaired on joint account.

The second easement can only be held to exist, if at all, on account of the agreement between Kidder and appellee. The alleged easement that existed when appellant conveyed to appellee was the right to the stairway, as the building then stood. Suppose Kidder had first moved his building back 12 feet, with or without the consent of appellee, could he compel appellee to open another stairway behind this one ? We think not. Suppose then appellee had removed the building back, could he have been compelled to erect a stairway to take the place of the one abandoned ? Evidently not. "Land covered by a party wall, remains the several property of the owner of each half, but the title of each owner is qualified by the easement to which the other is entitled, of supporting his building by means of the half of the wall belonging to his neighbor." Ingles v. Plamendon, 75 Ill. 118, and cases cited. In the case cited the easement was on a particular portion of ground where the wall stood. If the wall had been removed to another line, and the original wall torn down, the first easement would have been destroyed. The second, if one were acquired, would not be the same.

The building of Kidder and appellee might have been re-moved to an entirely different lot, and the changed circum-stances, if this stairway could be held to be the same easement, might have increased appellee's damages many times, and yet he would have a right to recover. Such easements attach to the buildings in the position they stand when created.

If Kidder and appellee removed the original servitude by voluntarily changing the location of the stairway, then all incumbrances existing prior to that time were extinguished, and if such removal and extinguishment were without any ex-pense to appellee, then there would be no recovery for any damages after that date. The measure of damages in such case would be those arising, if any, between the date of appel-lant's deed and the date of the change, except the amount ten-dered, $25, which is recoverable at all events. But in case the removal of the incumbrance were any expense to appellee, he may recover such amount, but no more than could be done in case no removal had taken place. The court erred in not giving instructions consistent with this rule. For these rea-sons the judgment is reversed and the cause remanded.

Reversed and remanded.