ANDRAE vs. HASELTINE and others.

*October 3 — October 23, 1883.*

*Party wall.*

The owners of a party wall standing in part upon the lot of each are not tenants in common, but each owns in severalty so much of the wall as stands upon his lot, subject to the easement of the

other owner for its support and the equal use thereof as an exterior wall of his building. And the owner on one side may, within the limits of his own lot, increase the thickness, length, or height of the wall, if he can do so without injury to the building on the adjoining lot.

APPEAL from the Circuit Court for *Portage* County.

The plaintiff and the defendant *Chafee* are the owners respectively of two adjoining lots in the city of Stevens Point. Pursuant to an agreement between them they erected, at their joint expense, a party wall twelve inches thick on the line between their lots, one half of which was upon the lot of each. The wall was so erected to an agreed height, and under the same agreement *Chafee* built it four feet higher. Afterwards the defendant *Chafee* and the other defendants, under an agreement with him and by his authority, erected a wall eight inches thick on *Chafee's* lot, abutting said party wall, the whole length from the foundation to the top thereof, and tied or anchored the same to said party wall. When the eight-inch wall was constructed to the top of the party wall, or rather to the top of the additional four feet so erected by *Chafee*, the defendants commenced to build the same higher at a thickness of twelve inches,— the additional four inches resting upon the party wall. The defendants intended to build the same sixteen feet above the party wall, and since this action was commenced have done so. The whole wall erected by the defendants is upon *Chafee's* lot. This action was brought to restrain the defendants from building their said wall higher than the party wall. The *gravamen* of the complaint is that the party wall is not sufficient to support the additional weight which will rest upon it if the defendants carry out their design, because of the increased weight of the roof, and that the plaintiff's building will be thereby rendered insecure, and will be injured.

The facts above stated were found by the court, and are

not controverted in any essential particular. The court also found that "said extension wall and said original, as built by said defendants, is sufficiently strong, safe, and secure to support the roof of said building, and for the purposes for which the same is used, and was and is constructed in a safe, proper, and workmanlike manner." Upon the above facts, the circuit court held that the plaintiff was not entitled to the injunction prayed for, and gave judgment dismissing the complaint with costs. The plaintiff appeals from the judgment.

*G. W. Cate,* for the appellant, contended that the party wall cannot be applied to a different use or purpose than that contemplated by the parties constructing the same, and that any attempt to so appropriate it will be restrained. *Brooks v. Curtis,* 50 N. Y., 639; 3 Kent's Comm., 437. The wall is owned jointly, and each has such right and easement in the whole wall that in case of its destruction he may compel his co-owner to assist in rebuilding it. *Campbell v. Mesier,* 4 Johns. Ch., 335; *Partridge v. Gilbert,* 15 N. Y., 607.

*W. W. Haseltine,* for the respondents, *in propria persona,* cited *Matts v. Hawkins,* 5 Taunt., 20 (1 Eng. C. L., 4); Washb. on Easements, 470; *Brooks v. Curtis,* 50 N. Y., 639; *Musgrave v. Sherwood,* 54 How. Pr., 338; *Eno v. Del Vecchio,* 4 Duer, 53; *Webster v. Stevens,* 5 id., 553; *Fettretch v. Leamy,* 9 Bosw., 525.

LYON, J. It seems to be the settled law that the owners of a party wall standing in part upon the lot of each are not tenants in common of the wall, but that each owns in severalty so much thereof as stands upon his lot, subject to the easement of the other owner for its support, and the equal use thereof as an exterior wall of his building.

Such being the tenure by which the wall is held and owned, it seems logically to follow that either owner may, at least upon his own land, do anything with the wall, or

make any use of it, which does not interfere with or impair the enjoyment of such easement by the other owner. In *Eno v. Del Vecchio*, 4 Duer, 53, it was held that the owner on one side of a party wall might, within the limits of his own lot, increase the thickness, length, or height of the wall, if he could do so without injury to the building on the adjoining lot. *Brooks v. Curtis*, 50 N. Y., 639, goes even further. It is there held, subject to the same limitation that no injury be done to the adjoining building, that one owner may build the whole wall to a greater height.

The present case, however, is not like *Brooks v. Curtis*, because the defendants confined their wall to *Chafee's* lot, and built no part of it on the lot of plaintiff. In that respect it is like *Eno v. Del Vecchio, supra*. The doctrine of that case seems to be abundantly supported by adjudged cases, many of which are cited in the briefs of the respective counsel. These citations will be preserved in the report of the case.

Such being the rule of law, it necessarily results that if the plaintiff's building is not injured by the increased height of the wall, as the same has been constructed, he is not entitled to relief. The court found substantially that his building was not thereby injured or endangered. To this finding no exception was taken, and it is abundantly supported by the evidence. This is conclusive against the plaintiff's right to the relief demanded.

The judgment of the circuit court must, therefore, be affirmed.

*By the Court.*— Judgment affirmed.