## Schick et al. v. Girard Trust Co., Trustee, et al.

*Swartz & Finkelstein,* for plaintiffs.

*Wintersteen, McCoy & Wintersteen, Abraham L. Hodes,* and *W. Heyward Myers, Jr.,* for defendants.

PARRY, J., June 13, 1938.—The bill is brought by the owners of premises 3240 Chestnut Street in the City of Philadelphia to enjoin the defendants, owners of the adjoining lot, from using the west side of the party wall between the two lots for an advertising sign board and for an accounting of all profits received by them from the use of the wall for this purpose. . . .

### Discussion

The complainants contend that as the west wall of their premises is a party wall no structure can be erected against it or upon it and it can be used only as a support for a building on the adjoining property.

I think this contention is wholly untenable. It appears to be clear that land covered by a party wall remains the several property of the owner of each half, subject however to reciprocal easements by which each owner is entitled to support for his building by means of the half of the wall belonging to his neighbor. The only proper easement attached to a party wall is the easement of support. Each owner therefore is bound to permit his portion of the wall to stand and to do nothing to impair the support it renders his neighbor's building.

It appears to me that the Girard Trust Company has an unlimited right to enjoy the use of its own property for any lawful purpose so long as it does not impair the complainants' easement of support. There is no evidence in this case to permit an inference that this is interfered with, much less endangered, in the slightest degree by the structure erected by the defendants on their own property. The neighborhood is no longer residential, there are numerous shops and a number of advertising signs displayed in the immediate vicinity.

This view of this case is supported and the subject so fully discussed in the case of Reilly et al. v. Widmyer et al., 23 Dist. R. 176, that I find nothing to add to the opinion of the learned President Judge of the Court of Common Pleas of Lancaster County. There is nothing to the contrary in the cases relied on by the complainants.

I have therefore reached the following:

### Conclusions of law

1. The record discloses no injury to the complainants entitling them to equitable relief.

2. The bill must therefore be dismissed.

### Decree nisi

And now, June 13, 1938, it is ordered, adjudged and decreed as follows:

1. The bill is dismissed.

2. The costs of these proceedings are to be paid by the complainants.

The prothonotary will enter this decree nisi and notify the parties or their counsel that unless exceptions thereto are filed within ten days the said decree will become final in the case.