WILENSKY *v.* ROBINSON *et al.*

No. 16143.   MARCH 19, 1948.

*Lipshutz & Macey* and *William H. Agnor,* for plaintiff.
*Mitchell & Mitchell,* for defendants.

Duckworth, Presiding Justice. (After stating the foregoing facts.) It is contended by the plaintiff in error that the dividing wall between the properties is a "party wall" as to which she is a tenant in common with the defendants, and that as such she is entitled to an accounting for rents received from advertising upon the side of the portion of the wall resting on the defendants' lot. In support of this contention the plaintiff in error cites and relies upon *Montgomery* v. *Trustees of Masonic Hall,* 70 *Ga.* 38. There the plaintiffs as alleged tenants in common of certain tenements on Broad Street in the City of Augusta brought an action against the defendants to recover damages for pulling down a wall adjoining another wall belonging to a building of the plaintiffs, by reason of which the plaintiffs were forced to take down their own wall. The plaintiffs claimed title under the will of their mother and the defendants held by prescription through adverse possession for more than fifty years. They did not derive title from a common grantor. It was held: "If there be between the two proprietors a party wall supporting the timbers of each, the right of each to that wall *for the support it gives his building* is that of a tenant in common with the other, and neither can change it so as to displace the timbers of the other so supported, or in anywise injure or make them insecure." (Italics ours.) The issue there raised and decided was as to the right of the plaintiffs to support of their building by the dividing wall which was pulled down by the defendants, and not as to the title to the wall. The use of the words, "tenants in common," can not reasonably be construed to mean other than that the court meant to say that the right there held to be in the plaintiffs was a right to *support* as a tenant in common, and not a right to the wall itself as a tenant in common. Nevertheless we observe that not only has the plaintiff in error misconceived the ruling in that case, but one or more text writers cite it as authority for their statement that in Georgia adjoining landowners are tenants in common with respect to a party wall resting on the line between their properties. We also observe that the annotators of the Annotated Code of 1933 have, in notes under § 85-1202, which codifies the ruling in the *Montgomery* case as to the right to lateral support, cited this case as

holding that "Owners of adjoining land derived from common grantor are, as to party wall, tenants in common." We take this occasion to hold that the *Montgomery* case did not rule that adjoining landowners held title to the wall there involved as tenants in common.

The wall between the properties in the present case is, as apparently conceded by all parties, a "party wall." "When two buildings on adjoining parcels have been constructed with a single wall between them, used in common for both buildings and erected on the boundary line so that part of the wall is on each of the two parcels, the common wall dividing the buildings is called a party wall." 2. Walsh, Commentaries on the Law of Real Property, 650, § 247. See also 47 C. J. 1323, § 1; 40 Am. Jur. 485, § 2; Washburn, Easements and Servitudes, 564, § 2; 2 Thompson on Real Property, 240, § 619. The question here raised has not been passed upon in this State. The general rule in this country, as stated in 40 Am. Jur. 491, § 12, is as follows: "In the absence of any contractual or statutory provision to the contrary, the weight of authority is to the effect that the owners of adjoining premises are not tenants in common of a party wall erected partly on the lands of each, but that each owns in severalty the part thereof which rests upon his side of the line, with an easement of support from the other." See also 2 Thompson on Real Property, 244, § 622; 47 C. J. 1325, § 2. We have no statute in this State which deals with title to a party wall, and notwithstanding the rule in other jurisdictions, our decision must be based upon the common law. Statements may be found in some texts to the effect that in England it was held that adjoining landowners have title to a party wall as tenants in common. For example, this statement was made in 2 Walsh, Commentaries on the Law of Real Property, 650, § 247, with citations of Cubitt *v.* Porter, 8 B. & C. 257, 108 Eng. Rep. 1039 (1828); Watson *v.* Gray, 14 Ch. Div. 192 (1880). In the Cubitt case the ruling was, not that in all events a dividing wall is owned by the adjoining landowners, but that the common user of such a wall is prima facie evidence that the wall and the land on which it stands belong to the owners of the adjoining lands as tenants in common. In the *Gray* case it was held that the

most ordinary and the primary meaning of the term, "party wall," is a wall of which the two adjoining owners are tenants in common, and that, since in the conveyance from the common predecessor in title was contained a declaration that the wall which divided the yards at the back of the two houses should be and remain a party wall, the two owners were tenants in common of the wall. In other cases involving a party wall, the parties were held under the facts not to be tenants in common but each to be the exclusive owner of so much of the wall as stood upon his land. In Murly v. M'Dermott, 8 Ad. & El. 138, 112 Eng. Rep. 789, the common wall stood partly on the plaintiff's land and partly on the defendant's land as in the case now before this court. In Matts v. Hawkins, 5 Taunt. 20, 128 Eng. Rep. 593, it was ruled: "If two persons have a party wall, one-half of the thickness of which stands on the land of each, they are not therefore tenants in common of the wall, or of the land on which it stands.—Although the wall was erected at the joint expense of the two proprietors.—The statute of 14 G. 3, c. 78 [Enacted 1774; 30 English Statutes at Large 483], does not make party walls common property."

The above exposition should dispel any thought that in England, even before the enactment in 1925 of the English Law of Property, § 38 (1), abolishing tenancies in common in party walls in all events and establishing absolute ownership in each adjoining owner to the dividing line with mutual easements of support (1 Law Reports, Statutes, 1925, 563, 587), a party wall necessarily fixed the legal status of the adjoining landowners as tenants in common of the wall. The various situations created by a party wall were referred to by Judge Fry in an enlightening manner in Watson v. Gray, supra, as follows: "The words [party wall] appear to me to express a meaning rather popular than legal, and they may, I think, be used in four different senses. They may mean, first, a wall of which the two adjoining owners are tenants in common, as in Wiltshire v. Sidford [1 Man. & Ry. 404] and Cubitt v. Porter [supra]. I think that the judgments in those cases show that that is the most common and the primary meaning of the term. In the next place the term may be used to signify a wall divided longi-

tudinally into two strips, one belonging to each of the neighboring owners, as in Matts *v.* Hawkins [supra]. Then, thirdly, the term may mean a wall which belongs entirely to one of the adjoining owners, but is subject to an easement or right in the other to have it maintained as a dividing wall between the two tenements. The term is so used in some of the Building Acts. Lastly, the term may designate a wall divided longitudinally into two moieties, each moiety being subject to a cross easement in favor of the owner of the other moiety."

The plaintiff in error does not claim any title to the party wall by virtue of any statute, by agreement between the parties, or by user or prescription. Apparently the claim of right to a division of rentals from advertising on the surface of the wall next to the defendants' lot is based on the assumption that under the common law the parties became tenants in common of the wall when they purchased the properties with a dividing wall which had been erected by their common grantor. As we have shown above, however, the parties are not, under the English cases, Murley *v.* M'Dermott and Matts *v.* Hawkins, supra, tenants in common of the wall. As to title they must be held to the descriptions in their deeds, under which the title of each extends to the dividing line on the soil and includes the portion of the wall which rests on the respective lots. Under the Code, § 85-1202, codified from *Montgomery* v. *Trustees of Masonic Hall,* supra, each is also entitled to the lateral support of the wall. This ruling determines, therefore, that the law in this State is in accordance with the weight of authority in other jurisdictions, namely, that "In the absence of any contractual or statutory provision to the contrary, the owners of adjoining premises are not tenants in common of a party wall erected partly on the land of each, but that each owns in severalty the part thereof which rests upon his side of the line, with an easement of support from the other. The rule as to the placing of advertising matter on a party wall, as stated in 47 C. J. 1341, § 35, is applicable here: "Neither of the owners of a party wall has a right to maintain an advertising sign on the other owner's side of the wall, but either has a right to do so on his own side."

It follows from the above that, the petitioner having no title or interest in the portion of the wall on the lot of the defendants beyond the right of lateral support, she was not entitled to a division of the proceeds of the rentals from advertising thereon, and the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*