American National Bank and Trust Company of Chicago, as Trustee Under Trust No. 10464, and George Gluckman and Jeanette Gluckman, His Wife, Plaintiffs-Appellees and Cross-Appellants, v. General Outdoor Advertising Co., Inc., Mutual Auto Park, Inc., American National Bank and Trust Company of Chicago, as Trustee Under Trust No. 6203, and Unknown Owners, Defendants-Appellants and Cross-Appellees.

Gen. No. 47,336.

First District, Second Division.
September 30, 1958.
Released for publication October 17, 1958.

Wolff, Frankel, Pennish & Orlinkoff, of Chicago (James R. Frankel, of counsel) for defendants-appellants and cross-appellees.

Norman H. Arons, of Chicago for plaintiffs-appellees and cross-appellants.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiffs filed a complaint for a declaratory judgment to determine the right of defendants to maintain advertising signs on the exterior surface of a party wall. The declaratory judgment was entered; defendants appeal and plaintiffs cross appeal.

The party wall in question forms the east wall of plaintiffs' five story building and the west wall of defendants' one story garage. These buildings are located at 317–25 West Randolph Street in Chicago. The advertising is located on the exposed portion of the wall above the garage.

Early in 1955, plaintiffs permitted a political campaign sign to be painted on the party wall without objection from defendants. The sign was obliterated in April, 1955. Thereafter, in August, 1955, defendants erected the advertising signs in question which have been maintained on the wall since that time.

After the removal of a building from what is now defendants' property, the predecessors in title executed an agreement concerning the party wall and also defined the rights of the respective parties. However, no mention was made of using the wall for advertising purposes.

The pertinent part of the party wall agreement reads:

"1. Said wall is to be and remain a party wall in all respects.

"2. First party [Plaintiffs' predecessor] shall be entitled to . . . maintain the same in a safe and sightly condition for its use in connection with the building of said first party. . .

"6. . . . Second party [Defendants' predecessor], subject to the terms hereof, shall have the right to make any reasonable use of said wall which shall not interfere with or lessen the present use thereof by first party or render the same unfit or unsafe for use as a party wall. . . .

"9. This agreement shall be and become the only agreement covering the rights of the parties in and to said wall."

The declaratory judgment stated that defendants had no right to maintain signs or other advertising matter on the exterior surface of the party wall without the consent of plaintiffs; that plaintiffs must likewise obtain the consent of defendants before they placed advertising on the wall; that any past or future income earned for the advertising should be equally shared between the parties.

Plaintiffs contend that a proper construction of the party wall agreement would preclude defendants' use of the wall for advertising purposes; that only a structural use was contemplated under the agreement; and that party wall owners are not tenants in severalty but tenants in common. Under the latter concept one party's placing advertising on the wall is improper since the other party is thereby prevented from making a similar use of the wall.

■ The rule is well settled in this state that party wall owners are tenants in severalty. In Ingals v. Plamondon, 75 Ill. 118, the court said at page 123 that:

"Land covered by a party wall remains the several property of the owner of each half but the title of each owner is qualified by the easement to which the other is entitled of supporting his building by means of the half of the wall belonging to his neighbor."

This rule was reaffirmed in Gibson v. Holden, 115 Ill. 199. To the same effect is Behrens v. Hoxie, 26 Ill. App. 417. See also 29 I. L. P. Party Walls, page 474. Although a party wall dispute was not involved in Wilcox v. Danforth, 5 Ill. App. 378, the court quoted with approval the rule set out in Ingals v. Plamondon, 75 Ill. 118. This rule was also stated as the correct view in Mickel v. York, 175 Ill. 62, but in that case one party had not paid for his share of the wall nor used it as a party wall so the other party was regarded as sole owner. However, the court emphasized the rule that party wall owners are not tenants in common and that each owns his portion in severalty.

The position of Illinois is supported by the majority of jurisdictions according to 40 Am. Jur., Party Walls § 12 (1942). An informative explanation of this majority view was given by the Supreme Court of Wisconsin in Andrae v. Haseltine, 58 Wis. 395, 17 N. W. 18 (1883). After referring to the severalty rule, the court said at page 19:

"Such being the tenure by which the wall is held and owned, it seems logically to follow that either owner may, at least upon his own land, do anything with the wall, or make any use of it, which does not interfere with or impair the enjoyment of such easement by the other owner."

A more succinct statement of the rule is found in Hoffman v. Kuhn, 57 Miss. 746 (1880) : "Each is possessed in severalty of his own soil up to the dividing line and that portion of the wall which rests on it." As recently as 1955 the severalty theory was reiterated by the Supreme Court of Georgia in S. A. Lynch Corporation v. Stone, 211 Ga. 516, 87 S.E.2d 57 (1955).

■■■ The conclusion seems inescapable that each party wall owner may use its side of the wall for any purpose as long as the easement of support is not harmed or impaired. Since defendants' signs have in no way interfered with plaintiffs' right of support, plaintiffs, if they are to prevail in this appeal, must find their rights in the party wall agreement. Unless the agreement provides otherwise the common law rules are controlling.

■■■■ After analyzing the contract it appears that advertising is not specifically mentioned but defendants do have the right to make "any reasonable use of said wall" subject to the terms of the contract. Plaintiffs contend that their right to keep the wall "sightly" includes the right to prohibit advertising. Since the terms of the contract are clear and unambiguous there is no need to report any rules of construction. Herlihy Mid-Continent Co. v. Sanitary Dist. of Chicago, 390 Ill. 160. When the word "sightly" is read in its proper context it is perfectly clear that plaintiffs have the right to maintain the wall in a safe and "sightly" condition for purposes of using the wall as a party wall. This would include prohibition of anything that inter-

fered with use of the wall for support of plaintiffs' building but not those things which in no way impair the easement of support. That contracts must be read as a whole is a rule of long standing in Illinois. Street v. Chicago Wharfing & Storage Co., 157 Ill. 605. Since nothing contrary is provided in the contract it is reasonable to assume the severalty rule applies because in Illinois the law existing at the time and place of contracting is a part of every contract and the contract should be so construed. Hindu Incense Mfg. Co. v. MacKenzie, 403 Ill. 390.

Although Illinois has not previously considered the precise question involved in this appeal, it appears that other jurisdictions adhering to the severalty principle have permitted party wall owners to maintain advertising on their side of the wall. Wilensky v. Robinson, 203 Ga. 423, 47 S.E.2d 270 (1948); Schick v. Girard Trust, 33 Pa. D. & C. 464 (1938); see also Shiverick v. R. J. Gunning Co., 58 Neb. 29, 78 N. W. 460 (rev'd on error in damages instruction, 59 Neb. 73, 80 N. W. 264 (1899).

Therefore, defendants should not be prevented from gaining economic benefit from their property merely because it is utilized in a manner not anticipated by the original parties, as long as plaintiffs' right of support and right to use the wall as a party wall remain unimpaired.

In our view, plaintiffs' contention, that defendants waived their right to complain of any error in the order overruling their motion to dismiss by pleading over, is untenable. Even if this right were waived plaintiffs could not prevail under the Illinois severalty rule as set out above.

We hold that defendants are entitled to maintain the advertising signs and retain all the earnings therefrom. Plaintiffs are entitled only to a right of support in

defendants' side of the wall. The declaratory judgment is reversed and the cause is remanded for further orders not inconsistent with this opinion.

Reversed and remanded.

MURPHY and KILEY, JJ., concur.