## 74717. WILLIS v. MALOOF et al.
(361 SE2d 512)

Pope, Judge.

Plaintiff Maloof was severely injured when a tree fell on him. Throughout the over thirty years the parties had lived as next-door neighbors, plaintiff had always assumed the tree belonged to defendant Willis. However, the undisputed evidence presented at trial showed the tree grew on the boundary of plaintiff's land and that of defendant, the adjoining landowner. Plaintiff claims the tree was diseased and defendant is liable in negligence for failure to remove or remedy the hazard created by the tree. A mistrial was declared when the jury was unable to reach a verdict. The case is now before this court on defendant's interlocutory appeal of the trial court's denial of his motion for directed verdict.

1. The issue of ownership and control over a tree situated on the boundary between two adjoining landowners appears to be one of first impression in Georgia. After careful consideration of the various approaches urged by the parties we adopt, by analogy, the rule applicable to party walls. We hold that adjoining landowners of a tree on the boundary do not own the tree as tenants in common, but " 'each owns in severalty the part thereof which rests upon his side of the line, with an easement of support from the other.' " *Wilensky v. Robinson,* 203 Ga. 423, 427 (47 SE2d 270) (1948). In this manner "each of the landowners upon whose land any part of a trunk of a tree stands has an interest in that tree, a property in it, equal in the first instance to, or perhaps rather identical with, the part which is upon his land; and in the next place embracing the right to demand that the owner of the other portion shall so use his part as not unreasonably to injure or destroy the whole." *Robinson v. Clapp,* 65 Conn. 365, 379-380 (32 A 939) (1895).

As in the case of a party wall, both parties have a duty to maintain the tree and take reasonable steps to guard against any hazardous condition the tree may pose. Cf. *Hay v. Norwalk Lodge &c.,* 92 Ohio App. 14 (109 NE2d 481) (1951) (where the Ohio court held, as to a tree upon the boundary line, adjoining owners are jointly liable for injuries to a third party). Since plaintiff also had a duty to maintain

the tree, he may not recover from defendant for negligent mainte-nance.[1] Cf. *Swentzel v. Holmes*, 175 SW 871 (Mo. 1915) (because both owners of a party wall had a duty to maintain it, the Missouri court held one may not recover from the other for damage due to negligence in maintaining a defective wall).

2. Moreover, plaintiff presented no evidence to support a finding that defendant had breached any duty to maintain the tree. In regard to liability for a defective tree the ordinary rules of negligence apply. The owner of a tree is liable for injuries from a falling tree only if he knew or reasonably should have known the tree was diseased, decayed or otherwise constituted a dangerous condition. "[T]here is no duty to consistently and constantly check all . . . trees for non-visible rot as the manifestation of decay must be visible, apparent, and patent so that one could be aware that high winds might combine with visible rot and cause damage." *Cornett v. Agee*, 143 Ga. App. 55, 57 (237 SE2d 522) (1977).

Here, defendant testified he worked around the base of the tree often as he cultivated a vegetable garden in his yard, near the tree, almost every year. He denied any knowledge that the tree was dis-eased and denied seeing any evidence which would lead him to sus-pect the tree was unhealthy. Plaintiff's expert, who inspected the tree after it fell, testified at least three visible conditions indicated to him that the tree was diseased and posed a hazard. The bark at the base of the tree curved under instead of outward indicating to the expert that the tree was virtually devoid of roots. A cavity or hollow in the side of the tree and fungus growing on the bark indicated to the ex-pert that the tree was diseased and in the process of decaying. The expert testified that in his opinion the average person's "attention would have been drawn" to these conditions. Even assuming defend-ant should have noticed these conditions, no evidence was presented from which a jury could find that defendant should reasonably have known the tree was diseased. The expert witness presented testimony from which a jury could find that the tree was in fact diseased. How-ever, the testimony of the expert witness did not establish that a lay-man should have reasonably known the tree was diseased. The only

---

[1] This is not to say one party-owner may not recover from the other party-owner for negligent destruction of a tree. Plaintiff's expert testified one of three conditions contributing to the hazard posed by the tree was its lack of roots. See Div. 2, infra. The expert testified the roots could have been injured by the use of a motorized tiller to cultivate the ground around the base of the tree. However, the expert offered no opinion that the roots were in fact destroyed by a tiller or that such was the cause of the tree's falling. Moreover, the evi-dence showed a tiller was used only once approximately twelve years before the tree fell. Even if the tiller contributed to the demise of the tree's roots, the condition of the tree deteriorated slowly over time. Thus, this is a case of alleged negligent maintenance and not negligent destruction.

duty imposed upon defendant was that of the reasonable man; defendant would not be charged with the knowledge or understanding of an expert trained in the inspection, care and maintenance of trees. Plaintiff himself testified he did not think the tree in question was dangerous or defective. Several other neighbors also testified the tree was bearing green leaves at the time it fell and did not appear to be diseased. Because plaintiff failed to present any evidence that defendant was or should have been aware that the tree constituted a hazardous condition, defendant's motion for directed verdict should have been granted.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

## ON MOTION FOR REHEARING.

On Motion for Rehearing plaintiff argues the cases cited in Division 1, supra, from other jurisdictions concerning the duty to maintain a party wall (and, by analogy, a "party tree") are distinguishable because those jurisdictions hold the owners to be owners in common. By contrast, in Georgia we hold owners of a party wall and, by this opinion, owners of a party tree to be owners in severalty with an easement of support upon the other owner's portion. This distinction is meaningful in regard to the right to exclusive use of one owner's portion. See *Wilensky v. Robinson*, 203 Ga. 423, supra (where the Supreme Court held there was no right of one owner to a portion of the rents paid to the other owner for advertising placed only on one side of the party wall). This distinction makes no sense in regard to the duty to maintain a single, indivisible tree. The alleged disease in this tree was systemic and not confined to one side of some imaginary line. Therefore, the duty to maintain the tree could not be apportioned on some pro-rata basis depending upon that percentage of the girth of the tree which grew on either side of the property line.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 —

*Stanley T. Snellings*, for appellant.
*Victoria J. Hoffman*, for appellees.