## A93A1603. MILFORD v. WILSON.
(436 SE2d 38)

McMurray, Presiding Judge.

Plaintiff Wilson was injured when struck by a gutter which had partially dislodged and fallen from a commercial building. Plaintiff filed this negligence action against the owners of the building. The building was partially owned by defendant Milford (14 East Broughton Street) and by defendant Kantsiper (12 East Broughton Street). We granted Milford's application in order to review the denial of his motion for summary judgment. *Held*:

There was no ownership in common of any portion of the building. The gutter in question predated either of defendants' ownership of their respective portions of the building and was secured in part on either portion of the building. The endlap of the gutter located on 12 East Broughton Street dislodged causing a portion of the gutter to bend downward and strike plaintiff. The entire portion of the gutter which fell was attached to 12 East Broughton Street. Although there was some displacement of the gutter at 14 East Broughton Street, this was entirely caused by the collapse of the other end of the system. After the incident in question, the gutter continued to be supported by the endlap on 14 East Broughton Street and by a downspout located at the brick wall between the two sides of the building if not on the 12 East Broughton Street side of the property line.

Defendant's motion to strike plaintiff's supplemental brief is denied. In her supplemental brief, plaintiff embraces an issue already argued by defendant Kantsiper, that plaintiff's deposition testimony contradicts other evidence in the case as to how and where the gutter fell so as to present an issue of fact in regard to whether the portion of the gutter traversing the front of the premises owned by defendant Milford was involved in the event. The issue eventually argued by all of the parties is whether plaintiff's deposition may be viewed as containing any credible evidence on the question of the manner in which the gutter fell. The testimony upon which plaintiff and defendant Kantsiper rely is at best vague and ambiguous, but more importantly it is accompanied by at least two separate instances in the same deposition where plaintiff disavowed any knowledge in regard to the manner in which the gutter fell. As plaintiff has given no explanation for the contradictory testimony, such must be construed against her. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680).

In denying the motion for summary judgment, the superior court cites *Intl. Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228), and focuses on the question of whether defendants were responsible to maintain the gutter to protect individuals on the public sidewalk. While each defendant had a separate duty to protect those on the

adjacent public sidewalk from injury due to defects in their property, there was no joint undertaking with regard to maintenance of the gutter. As illustrated by *Wilensky v. Robinson*, 203 Ga. 423 (47 SE2d 270), each defendant owned the portion of the gutter on his side of the property and had no property right in the portion of the gutter on the other's portion of the building. While each defendant owed his neighbor an easement of support there is no suggestion of a breach of this duty by Milford since the gutter fell at the other end only. The superior court's apparent assumption that both defendants had some sort of joint responsibility for the gutter is not consistent with *Wilensky* which, while addressing only property rights, must be instructive here. As Milford had no property rights in the other end of the gutter, he had no right, much less a duty, to maintain or repair it. We fail to see how he could be held liable for not doing that which he had no right to do. Milford is entitled to the grant of his motion for summary judgment.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 9, 1993 —
RECONSIDERATION DENIED SEPTEMBER 22, 1993

*Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, Sandra G. Kirk*, for appellant.

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Hermann W. Coolidge, Jr., Kent, Williamson & Brannon, W. O. Williamson III*, for appellee.